IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 12-00048-01-CR-W-HFS |
| JAQUAY R. STRICKLAND, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO DISMISS**

Before the court is defendant's motion to dismiss the complaint on the ground that more than 30 days passed from his initial appearance until the return of the indictment. For the following reasons, defendant's motion should be denied.

*I. BACKGROUND*

On January 5, 2012, a complaint was filed charging defendant with possessing a firearm after having been convicted of a felony. His initial appearance was held the same day. On February 6, 2012 -- 31 days after his initial appearance on the complaint, defendant filed the instant motion to dismiss on the ground that more than 30 days had elapsed and no indictment had been returned. The following day, February 7, 2012, an indictment was returned charging with the felon-in-possession offense.

## II. SPEEDY TRIAL

Title 18, United States Code, Section 3161(b) provides as follows:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

Additionally, Title 18, United States Code, Section 3162(a)(1) provides that:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

When a court dismisses a complaint outside the thirty-day period, a subsequently filed indictment should be dismissed only if the complaint was or should have been dismissed with prejudice. United States v. Miller, 23 F.3d 194, 196 (8th Cir. 1994), citing United States v. Bittle, 699 F.2d 1201, 1207 (D.C. Cir. 1983). In deciding whether a complaint should be dismissed with or without prejudice, the court is to consider the severity of the offense, the circumstances of the case that led to the

2

dismissal, and the impact of re-prosecution on the administration of justice. United States v. El-Amin, 574 F.3d 915, 922 (8th Cir. 2009).

**A. *SERIOUSNESS OF THE OFFENSE.***

Defendant is charged with possessing a firearm after having been convicted of a felony. The government states in its response that defendant has multiple felony convictions for possession of controlled substances including PCP and crack cocaine. "Indeed, the case file indicates that the defendant was injured and another party killed in a drug deal gone bad in which .30 caliber carbine shell casings, matching the weapon type allegedly possessed by the defendant, were recovered from the death scene." Possessing a firearm after having been convicted of a felony is a crime of violence. See United States v. Shirley, 189 F. Supp. 2d 966 (W.D. Mo. 2002).

**B. *CIRCUMSTANCES SURROUNDING THE DELAY.***

The indictment in this case was returned 33 days after defendant's initial appearance. In its response, the government offers this explanation:

> While this is admittedly a technical violation of the applicable statutes, it was completely inadvertent on the part of the undersigned attorney. The defendant was indicted by the first available grand jury sitting in the district as close to the expiration of the thirty day period as possible. Moreover, this violation was an isolated incident and does not represent any policy, practice, custom or pattern in this district. The defendant has offered no evidence of bad faith on the part of the United States.

3

Indeed, the United States neither sought nor received any tactical advantage as a result of the events to date.

Here the Speedy Trial Act is relatively insubstantial and there is no evidence that the government attempted to gain a tactical advantage. Under these circumstances, the complaint should be dismissed without prejudice. See <u>United States v. Richardson</u>, 537 F.3d 951, 957 (8th Cir. 2008).

### *C. IMPACT OF A REPROSECUTION ON THE APPLICABLE LAW AND THE ADMINISTRATION OF JUSTICE*

There will be little to no impact on the applicable law or the administration of justice by allowing the prosecution of this case to go forward. Going forward with a prosecution after a three-day delay in returning the indictment is insubstantial enough to have no impact on other cases; and it changed nothing about how this case has been processed by the government, the defendant or the court.

As a result of the three-day delay, defendant has neither alleged nor suffered any prejudice whatsoever. The delay did not cause evidence to go stale or witnesses to go missing, nor has it impacted the defendant's ability to garner the facts and put forth a credible defense.

### *III. CONCLUSION*

Based on all of the above, I find that although defendant suffered a technical speedy trial violation, the severity of the offense, the circumstances of the case that led to the dismissal,

4

and the impact of re-prosecution on the administration of justice all support a dismissal of the complaint without prejudice. Because the complaint should be dismissed without prejudice, the subsequently filed indictment should not be dismissed.

It is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss for speedy trial violations: the complaint has already been dismissed without prejudice in the normal course of court business, and because the indictment should not be dismissed there is no further remedy for defendant. Counsel are reminded that each has ten days from the date of this Report and Recommendation to file specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 7, 2012